**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IVAN RUIZ-RIVERA** | ) |
| 33 Belmont Street | ) |
| Lancaster, Pa 17602 | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Docket No. 21-CV-_____ |
| | ) |
| | ) |
| **CITY AND COUNTY OF LANCASTER** | ) |
| c/o City of Lancaster | ) JURY TRIAL DEMANDED |
| 39 W. Chester Street | ) |
| Lancaster, PA 17603; | ) |
| | ) |
| | ) |
| **POLICE OFFICER JACOB BINGHAM # 316** | ) |
| Individually and in His Official Capacity | ) |
| as Lancaster County Police Officer | ) |
| c/o City of Lancaster | ) |
| 39 W. Chestnut Street | ) |
| Lancaster, PA  17603 | ) |
| | ) |
| **POLICE OFFICER LAPP (Badge number unknown)** | ) |
| Individually and in His Official Capacity | ) |
| as Lancaster County Police Officer | ) |
| c/o City of Lancaster | ) |
| 39 W. Chestnut Street | ) |
| Lancaster, PA  17603 | ) |
| | ) |
| **FICTITIOUS DESIGNATION** | ) |
| JOHN DOES (#1-25) | ) |
| | ) |
| **FICTITIOUS DESIGNATION** | ) |
| ABC CORPORATIONS (#1-25) | ) |
| | ) |
| Defendants. | ) |

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

## CIVIL ACTION COMPLAINT

This is a civil rights action in which named Plaintiff, Ivan Ruiz-Rivera, seeks relief in the form of declaratory and injunctive relief, as well as damages and punitive damages for injuries and the violation of his rights, privileges, and immunities secured by the Civil Rights Act of 1871 (42 U.S.C. § 1983), Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000(d), *et seq.*), 42 U.S.C. §§1981, 1982, 1985 and 1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other Constitutional Provisions and Federal Statutes, and the Laws and Constitution of the Commonwealth of Pennsylvania. On December 06, 2019, named Defendants unlawfully assaulted, battered and tased Plaintiff with deadly force without justification and in violation of Plaintiff's Civil Rights.

## I. JURISDICTION

1. This action is brought pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§1981, 1982, 1983, 1985 and 1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other Constitutional Provisions and Federal Statutes, and pursuant to 28 U.S.C. §§ 1331, 1332 and 1343 *et seq.*

2. Jurisdiction is established over State law claims based on supplemental jurisdiction under 28 U.S.C. § 1367.

3. Declaratory and Injunctive Relief is authorized by 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure.

4. The amount in controversy exclusive of interest and costs exceeds Three-Hundred-and-Fifty Thousand ($350,000.00) Dollars.

2

## II. VENUE

5. All claims herein arose within the jurisdiction of the United States District Court of the Eastern District of Pennsylvania and involve Defendants whose residence or principal place of business is within this court's jurisdictional boundaries. Therefore, venue is appropriately invoked pursuant to 28 U.S.C. § 1391(b) and (c).

## III. PARTIES

6. Plaintiff, Ivan Ruiz-Rivera (Plaintiff Ruiz-Rivera) is a 50-year-old Hispanic-American, adult male, and a United States Citizen whose domicile is within the city and county of Lancaster, Pennsylvania.

7. Defendant, City and County of Lancaster, ("Defendant City of Lancaster,") is a municipality organized by and through the Commonwealth of Pennsylvania that directs, manages and controls the City of Lancaster, a Police Department ("Defendant City of Lancaster Police Department"), and employs all the individually named Defendants.

8. Defendant, Police Officer Jacob Bingham #316 ("Defendant Bingham"), at all times relevant hereto was a Police Officer within Defendant City of Lancaster Police Department. Defendant Bingham is being sued in his individual and official capacities.  Further, at all times relevant hereto Defendant Bingham was acting under the color of state law in his capacity as a Police Officer within Defendant City of Lancaster Police Department.

9. Defendant, Police Officer Lapp ("Defendant LAPP"), at all times relevant hereto was a Police Officer within Defendant City of Lancaster Police Department.  Defendant Lapp is being sued in his individual and official capacities.  Further, at all times relevant hereto De-

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

fendant Lapp was acting under the color of state law in his capacity as a Police Officer within Defendant City of Lancaster Police Department.

10. At all relevant times, John Does 1-25, names of said individuals presently unknown and fictitious, were: police sergeants, police chiefs, supervisors, agents, employees, servants or otherwise acting on behalf of and within the scope of their employment with the City of Lancaster and/or the Lancaster Police Department and acting under color of law; and/or were individuals or entities whose identities are currently unknown to Plaintiff and who participated in the cause of actions alleged.

11.  ABC Corps. 1-25 are fictitious designations for one or more private or public entities and organizations whose identities are currently unknown.

### IV. FACTUAL ALLEGATIONS

12. On or about December 6, 2019, at 0504 hundred hours, Defendant Bingham, *alleged,* in the Affidavit of Probable cause and Incident Report, that he was dispatched to 33 Belmont Street, Lancaster, Pennsylvania, regarding an incident of domestic violence that involved the Plaintiff Ruiz-Rivera.

13. The aforementioned call did not come from the residence in question, nor did it come from anyone who lived within the residence.

14. It was alleged, in the incident report, that this domestic assault was taking place in or near a red SUV. Upon arriving on the scene, a red SUV was parked in front of the residence located at 33 Belmont Street, Lancaster, Pennsylvania.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

15. Defendant Bingham exited his cruiser and approached the red SUV. Soon thereafter, Plaintiff Ruiz-Rivera observed police vehicles in front of his residence and approached Defendant Bingham instructing the officer to leave his property.

16. Defendant Bingham stated to Plaintiff Ruiz-Rivera that he was on the public street and not on the Plaintiff's property.

17. Plaintiff Ruiz-Rivera further instructed Defendant to leave his property and begin to walk away. While Plaintiff Ruiz-Rivera began to walk away, without permission Defendant Bingham begin to aggressive follow Plaintiff Ruiz-Rivera's onto his property, without permission.

18. While following Plaintiff Ruiz-Rivera, Defendant Bingham asked, "who is here with you" and Plaintiff Ruiz-Rivera responded by saying "None of your business, leave my house."

19. Defendant Bingham, while trespassing on Plaintiff Ruiz-Rivera property, continued to ask Plaintiff Ruiz-Rivera "who is here with you."

20. Plaintiff Ruiz-Rivera continuously asked Defendant Bingham to leave his property and he refused to do so.

21. Defendant Bingham continued to ask, "who is here with you" and Plaintiff Ruiz-Rivera eventually said, "Your Mother" and walked away. Without permission or provocation, Officer Bingham aggressively followed Plaintiff Ruiz-Rivera.

22. Defendant Bingham stated to Plaintiff Ruiz-Rivera, "Stop walking away…you are gonn` ``a get tased." At this time, Plaintiff Ruiz-Rivera walked away, and without provocation or fear of his safety, Defendant Tased Plaintiff Ruiz-Rivera, in the back, for several seconds yelling "Get on the ground."

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

23. At this time, Plaintiff Ruiz-Rivera is screaming in pain and yells "leave me alone." Immediately, Defendant Bingham, Officer Lapp and other officers tackled Plaintiff Ruiz-Rivera and started to punch him, without provocation.

24. While Plaintiff Ruiz-Rivera is being brutally attacked, he is asking "Why are you hitting me? Did I hit you?"

25. After Plaintiff Ruiz-Rivera was assaulted and handcuffed, he continuously asked the officers to leave his property and to not allow his children to see this.

26. After Plaintiff Ruiz-Rivera was handcuffed, he asked if he could turn around on his back, and Defendant Bingham angrily stated, "Nope, stay like that."

27. It is important to note, that this entire encounter was recorded on Defendant Bingham's body camera. Knowing that, Defendant Bingham falsified the incident report by stating, that t Plaintiff Ruiz-Rivera got into a fighting stance. It is also important to note that the aforementioned documents confirms that Plaintiff Ruiz-Rivera was walking away when he was tased in the back.

28. Plaintiff Ruiz-Rivera suffered severe injuries to his person, which left him bloody, bruised, battered and mentally affected.

29. All Defendants Police officers used excessive force and committed battery.

30. Plaintiff Ruiz-Rivera is informed and, on such information, believes that all of said officers have committed such brutal acts in the past against innocent victims.

31. The Plaintiff believes that several complaints have been made against the Defendants in the past and such complaints have been investigated by Internal Affairs.

32. The Defendant has been victimized and entrapped by these police officers.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

33. The acts of the Defendants, as described above, were performed with malice, and premedi-tation, under color of state law, with willful wanton disregard for the Plaintiff's rights un-der the Fourth, Fifth and Fourteen Amendments to the U.S. Constitution, and in contraven-tion of the letter and spirit of 42 U.S.C. § 1983 and 1985.

34. As the direct and proximate result of the acts of Defendants, Plaintiff Ruiz-Rivera suffered mental shock, trauma and mental distress.

35. Defendant City of Lancaster and its Police Department, has well-known and documented custom, policy and practice of not taking reasonable steps to properly train its police offic-ers to not violate the constitutionally protected rights of the citizens of the Commonwealth of Pennsylvania. More particularly the residence of Lancaster, Pennsylvania. This includes, but is not limited to, the unlawful tasing of citizens.

36. Each year, hundreds of law-abiding citizens are the victims of police brutality by Defend-ant City of Philadelphia employees (police officers) that result in their being charged and prosecuted for crimes they are innocent of.

37. Police brutality is rampant in Lancaster. The City of Lancaster and their police department has a Custom of condoning alleged instances of police brutality without punishing its offic-ers.  The Defendants has a history of exonerating officers for allegedly using excessive force against its citizens. Officers within the police department are secure in knowing that a reported incident will not result in any disciplinary proceeding unless another officer can verify that the force was excessive.  The City of Lancaster has permitted and tolerated the practice of unjustified and unreasonable uses of excessive force by its officers under the color of state law.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

38.  At all times material herein, the Defendant, the Lancaster Police Department and the City of Lancaster had a custom policy and practice of not taking reasonable steps to properly train its police officers to not violate the constitutionally protected rights of the citizens of the Commonwealth of Pennsylvania. More particularly the residence of Lancaster.

39.  This policy, custom and practice reflects a deliberate and conscious choice of the Defendant, Lancaster Police Department and Defendant City of Lancaster, in that it amounts to a deliberate indifference to the rights of people whom its police come into contact, including, but not limited to, the Plaintiff herein.

40.  The failure of the Defendant Lancaster Police Department and the City of Lancaster to properly train its police officers, including but limited to the Defendants, which constitutes a municipal policy or custom of the City of Lancaster and the Lancaster City Police Department, amounts to deliberate indifference to the rights of people with whom its police officers come into contact, including, but not limited to, the Plaintiff herein.

41.  As a direct and proximate cause of this policy, custom and practice of the Defendants, the Plaintiff have sustained numerous constitutional deprivations.

42.  As a direct and proximate result of the actions of Defendants, under the supervision of The City of Lancaster, Plaintiff suffered mental and physical injury and the additional following damages.

    a.  Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of Ivan Ruiz-Rivera person, to be afforded due process of law and equal protection under the law;

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

b. Loss of physical liberty;

c. And sever physical injury, some which may be permanent, humiliation, emotional distress.

d. Freedom from the use of excessive, unreasonable, and unjustified force against her person; and

e. Equal Protection under the law;

f. Due process of law.

## V. CAUSES OF ACTIONS

### COUNT I
### VIOLATION OF 42 U.S.C. § 1983 and 1985
### *PLAINTIFF v. CITY OF LANCASTER MONELL CLAIM*
### WHILE ACTING UNDER THE COLOR OF STATE LAW

43. Plaintiff hereby incorporate by reference, Paragraphs 1 through 42, as though they are fully set forth herein.

44. Defendant City of Lancaster developed and maintained several deficient customs, policies and/or practices which proximately caused the deprivation of the Plaintiff's constitutional rights aforesaid.

45. Defendant City of Lancaster's unlawful customs, policies and practices encouraged its employees to believe that they could violate the constitutional rights of the Plaintiff's with impunity and with the explicit or tacit approval of City of Lancaster and its policy makers.

46. The acts constitute a violation of the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

47. As a result of Defendant's knowingly, willfully, maliciously, wantonly, grossly intentional, recklessly and deliberately indifferent concerted conduct under the color of state law pur-

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

suant to an unconstitutional, customs, policies and practices, the Plaintiff's suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights.

48. The actions of the defendants, as set forth above, were performed with malice and premeditation, under color of state law.

49. The Constitutional deprivation was caused by Defendant's numerous areas of deliberate indifference outlined above including:

    a. Custom of condoning alleged instances of police brutality without punishing its officers. The above-mentioned actions were not isolated incidents.  The Defendants has a history of exonerating officers for allegedly using excessive force against its citizens. Officers within the police department are secure in knowing that a reported incident will not result in any disciplinary proceeding unless another officer can verify that the force was excessive. The City of Lancaster permitted and tolerated the practice of unjustified and unreasonable uses of excessive force by its officers under the color of state law.

    b. Custom of condoning alleged instances of false arrest and falsifying documentation without punishing its officers. The above-mentioned actions were not isolated incidents. The Defendants has a history of exonerating officers for allegedly falsify documents and falsely arrest its citizens. Officers within the police department are secure in knowing that a reported incident will not result in any disciplinary proceeding.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

c. The City of Lancaster permitted and tolerated the practice of by its officers under the color of state law.

d. The City of Lancaster permitted and were indifferent to the need of more training areas of:

    i. Legal cause to stop, detain and arrest a citizen;

    ii. A police officer failure to follow established procedures, policies, directives and/or instructions regarding property receipts, pars reports, and other relevant circumstances regarding this case.

    iii. Police officers' improper exercise of authority, false arrest, and use of searches of a person or a vehicle in the absence of probable cause.

    iv. Police Officer's use of their status as police officers to achieve goals no reasonably related to their police duties.

    v. The failure to properly sanction or discipline officers who are aware of, conceal, and/or aid and abet the violations of the constitutional rights of citizens by other police officers.

    vi. The detention of persons arrested on alleged summary violations in compliance with municipal, state, and/or federal rules.

50. The above-described actions of the Defendants and policies of the City of Lancaster condoning the use of falsifying documentation, falsely arresting citizens and false imprisonment by their agents, servants, and employees, violated the rights and privileges of Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant Officers,

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

while agents, servants, or employees of the City of Lancaster, Plaintiff sustained severe humiliation, emotional distress and pain and suffering.

51. The above-described actions of the Defendants and policies of the City of Lancaster's condoning the use of excessive force by their agents, servants, and employees, violated the rights and privileges of Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

52. The Defendants violated Plaintiff's civil rights by brutalizing and inflicting server injury on Plaintiff under the color of law with force that was grossly disproportionate in relation to the need for action.

53. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant Officers, while agents, servants, or employees of the City of Lancaster, Plaintiff sustained severe physical injury, causing humiliation, emotional distress and pain and suffering.

WHEREFORE, the Plaintiff's seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and 1988; the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $350,000.00, attorney's fees, costs, expenses and interest.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

**COUNT II**

*Plaintiff v. All Defendants*
**VIOLATION OF FOURTH AMENDMENT RIGHT OF UNITED STATES CONSTITU-
TION AND ARTICLE 1 OF THE PENNSYLVANIA CONSTITUTION DUE PROCESS
RIGHTS AGAINST ALL DEFENDANTS**

54.   The Plaintiff hereby incorporates by reference, Paragraphs 1 through 53, as though they are

fully set forth herein.

55.   The due process clause of the Fourteenth Amendment of the U.S. Constitution prohibits

state actors from depriving individuals of "liberty" without due process of law.

56.   Pursuant to the due process clause of the Fourteenth Amendment, the Plaintiff Ivan Ruiz-

Rivera enjoyed a constitutionally protected liberty in her reputation as a fundamental right

entitled to legal protection.

57.   As a direct and proximate result of Defendants' actions, Ivan Ruiz-Rivera rights under the

Fourth Amendment of the United States Constitution and Article I Section 8 of the Penn-

sylvania Constitution were violated.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42

U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth and Fourteenth

Amendments to the United States Constitution, other constitutional provisions, federal stat-

utes and state laws in an amount not less than $350,000.00, attorney's fees, costs, expenses

and interest.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

## COUNT III

### *Plaintiff v. Defendants Bingham, Lapp and John Doe officers 1-25*
### VIOLATION OF CIVIL RIGHTS WHILE ACTING UNDER THE COLOR OF LAW
### FOR FAILURE TO INTERVEN UNDER 42 U.S.C. § 1983

58. Plaintiff hereby incorporates by reference, Paragraphs 1 through 57, as though they are fully set forth herein.

59. This cause of action is brought by Plaintiff, against Bingham, Lapp and John Doe Officers 1-25 for their failure to intervene to prevent fellow officers from violating the constitutional rights of Plaintiff. Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and fails to take reasonable steps to protect the victims of another officer's use of excessive force.

60. The aforementioned Defendants failed to prevent excessive force from being committed against Plaintiff when they had a reasonable opportunity to do so. The Defendants failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

61. The intentional, willful and wanton acts of the Defendants establish a claim for punitive damages by Plaintiff against Defendants.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $350,000.00, attorney's fees, costs, expenses and interest.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

## COUNT IV

*Plaintiff v. Defendant Police Officers Bingham, Lapp and John Does 1-25*
### CONSPIRACY
### TO VIOLATE IVAN RUIZ-RIVERA'S CONSTITUTIONAL CIVIL RIGHTS AND OTHER RIGHTS IN VIOLATION OF 42 U.S.C. § 1983

62.  Plaintiff hereby incorporates by reference, Paragraphs 1 through 61, as though they are fully set forth herein.

63.  Defendant Police Officers expressly or tacitly agreed to act and did expressly or tacitly act under the color of state law pursuant to the numerous unconstitutional, customs, policies and practices averred herein, knowingly, intentionally, willfully, maliciously, wantonly, grossly intentional, recklessly and with deliberate indifference, in concert and conspiracy with each other and others in the furtherance of numerous unconstitutional customs, policies and practices to undertake the violations of Ivan Ruiz-Rivera's constitutional, civil and other federal rights described herein.

64.  As a result of all Defendants' knowingly, intentionally, willfully, maliciously, wantonly, grossly intentional, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, custom policy and practice, Ivan Ruiz-Rivera suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights.

65.  This cause of action is brought by Plaintiff against Defendant Police Officers for conspiracy to interfere with Plaintiff constitutional rights to be free from unjustified and excessive force utilized by police officers, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

66. The Defendants entered into agreement for the purpose of depriving Plaintiff of his constitutional protected rights by utilizing excessive use of force while acting under color of law in their capacity as police officers employed by the County and Department.

67. Defendants have knowledge of the nature and scope of the agreement and agreed to fabricate an official version of events to conceal their constitutional violation of Plaintiff's rights.

68. In furtherance of the conspiracy, the Defendant Police Officers inflicted server injury upon Plaintiff, while exercising their official authority under the color of law.

69. The acts of the Defendants were part of an on-going practice of the conspirators to utilize excessive use of force with full knowledge that their actions would be exonerated.

70. The acts of the Defendant Police Officers were carried out for the very purpose of depriving Plaintiff of the equal protection of the laws and or equal privileges and immunities under the law and to expressly violate Plaintiff's right to be free from unreasonable search and seizure and from excessive force as defined in the Fourth Amendment of the United States Constitution.

71. As a direct and proximate consequence of the conspiracy of the Defendant Police Officers, Plaintiff sustained severe physical injury, humiliation, emotional distress, pain and suffering.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal stat-

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

utes and state laws in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest.

## COUNT V

### *Plaintiff v. All Defendants*
### VIOLATION OF FOURTHTEENTH AMENDMENT DUE PROCESS RIGHTS

72.  The Plaintiff hereby incorporates by reference, Paragraphs 1 through 71, as though they are fully set forth herein.

73.  The due process clause of the Fourteenth Amendment of the U.S. Constitution prohibits state actors from depriving individuals of "liberty" without due process of law.

74.  Pursuant to the due process clause of the Fourteenth Amendment, the Plaintiff Ivan Ruiz-Rivera enjoyed a constitutionally protected liberty in her reputation as a fundamental right entitled to legal protection.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $350,000.00, attorney's fees, costs, expenses and interest.

## COUNT VI

### *Plaintiff v. Officer Bingham, Lapp and John Does-1-25*
### ASSAULT AND BATTERY AGAINST

75.  Plaintiff hereby incorporates by reference, Paragraphs 1 through 73, as though they are fully set forth herein.

76.  On November 27, 2012, Defendants Police Officers assaulted, beaten and tased Ivan Ruiz-

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

Rivera without provocation or legal justification.

77.   At all times during Defendant's assault and beating of Ivan Ruiz-Rivera, Ivan Ruiz-Rivera was in their custody by a show of their authority as Defendant City of Lancaster police officers.

78.   Defendant's assault and beating of Ivan Ruiz-Rivera was done knowingly, willfully, maliciously, wantonly, intentionally, recklessly and with deliberate indifference in concert and conspiracy with each other to violate Ivan Ruiz-Rivera constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and other federal laws

79.   The City of Lancaster, through its employees, Defendant Police Officers, intentionally caused bodily harm to Plaintiff by using unnecessary force upon her person by choking, throwing Plaintiff on ground, hitting her and violently tasing her multiple times without justification.

80.   The City of Lancaster is vicariously liable for the tortious acts of its employees that were committed within the scope and furtherance of their employment.

81.   As a result of Defendants' knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct of assaulting and beating of Ivan Ruiz-Rivera, Ivan Ruiz-Rivera has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of his constitutional and other federal rights.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth and Fourteenth

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $350,000.00, attorney's fees, costs, expenses and interest.

## COUNT VII

### *Plaintiff v. Officer Bingham, Lapp and John Does-1-25*
### EXCESSIVE FORCE

82.   Plaintiff incorporates by reference, paragraphs 1-81, as if though they are fully set forth set forth herein.

83. Plaintiff believes and therefore aver that the force used upon them was unnecessary and more force than was reasonable and necessary under the circumstances.

84.   Plaintiff believe and therefore avers that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

85.   Defendants' actions were a factual cause of and/or caused Plaintiff substantial damages and harm. (See above).

## COUNT VIII

### *Plaintiff v. All Defendants*
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS OF PLAINTIFF IVAN RUIZ-RIVERA

86.   Plaintiff hereby incorporates by reference, Paragraphs 1 through 85, as though they are fully set forth herein.

87.   All Defendants' conduct was done knowingly, intentionally, willfully, maliciously, wantonly, grossly intentional, recklessly and with deliberate indifference to cause Plaintiff ex-

19

treme emotional distress.

88.  Defendants' actions caused Plaintiff to suffer unnecessary physical pain and suffering and emotional pain and suffering.

89.  Defendants' conduct, in concert with each other, was done knowingly, intentionally, willfully, maliciously, wantonly, grossly intentionally, and recklessly and was beyond the bounds of conduct tolerated in a civilized society.

90.  City of Lancaster, through its employees, Defendant Police Officers caused bodily harm to Plaintiff when they knew or should have known that emotional distress would likely result.

91.  As a result of Defendants' knowingly, intentionally, willfully, maliciously, wantonly, grossly intentional, recklessly and deliberately indifferent concerted conduct, Plaintiff has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, economic loss and loss of his constitutional and other state and federal rights.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $350,000.00, attorney's fees, costs, expenses and interest.

## COUNT IX

### *Plaintiff v. All Defendants*
### STATE LAW CLAIMS

92.  Plaintiff hereby incorporate by reference, Paragraphs 1 through 91, as though they are fully set forth herein.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

93. The actions of All Defendants constitute the torts of Assault, Battery, Trespass and Negligent Infliction of Emotion Distress, under the laws of the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiff request:

    a.  On all Claims for Relief, Plaintiff demands damages in the amount as stated on all claims for relief and all costs of this action with interest.

    b.  Under the Civil Rights Act of 1871, 42 U.S.C. § 1988, 28 U.S.C. § 1961 and 28 U.S.C. § 1920, Plaintiff demands reasonable attorney's fees, costs and expenses, and interest.

    c.  Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1988, 28 U.S.C. § 1961 and 28 U.S.C. § 1920, Plaintiff demands reasonable attorney's fees, costs and expenses, and interest.

    d.  On all Claims For Relief, Plaintiff demands punitive damages in the amount of over $150,000.00 on all claims for relief and all costs of this action with interest because Defendants' actions exceeded the normal standards of decent conduct and were malicious, willful, oppressive, outrageous and unjustifiable.

Plaintiff demands other just relief as the Court may award.

## COUNT X

### *Plaintiff v. All Defendants*
### DAMAGES

94. Plaintiff hereby incorporates by reference, Paragraphs 1 through 93, as though they are fully set forth herein.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

95. On all Claims for Relief, Plaintiff demands damages in the amount as stated on all claims for relief and all costs of this action with interest.

96. Under the Civil Rights Act of 1871, 42 U.S.C. § 1988, 28 U.S.C. § 1961 and 28 U.S.C. § 1920, Plaintiff demands reasonable attorney's fees, costs and expenses, and interest.

97. Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1988, 28 U.S.C. § 1961 and 28 U.S.C. § 1920, Plaintiff demands reasonable attorney's fees, costs and expenses, and interest.

98. On all Claims For Relief, Plaintiff demands punitive damages in the amount of over $350,000.00 on all claims for relief and all costs of this action with interest because Defendants' actions exceeded the normal standards of decent conduct and were malicious, willful, oppressive, outrageous and unjustifiable.

99. Plaintiff demands other just relief as the Court may award.

WHEREFORE, Plaintiff demands judgment and damages on all facts and claims for relief herein asserted, and upon judgment, reasonable attorney's fees, all costs, expenses, and interest.

## COUNT XI
## DEMAND FOR JURY TRIAL

100. Plaintiff hereby incorporate by reference, Paragraphs 1 through 99, as though they are fully set forth herein.

101. On all facts and claims for relief asserted, Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment and damages on all facts and claims for relief herein asserted, and upon judgment, reasonable attorney's fees, all costs, expenses, and interest.

The Lee Firm LLC
Two Penn Center
1500 JFK BLVD, SUITE 1900
PHILADELPHIA, PENNSYLVANIA 19102
215.764.5533

Respectfully submitted,


*James Lee*
_____
James E. Lee, Esquire
THE LEE FIRM LLC
Two Penn Center
1500 J.F.K. Boulevard
Suite 1900
Philadelphia, PA 19102
Attorney For Plaintiff
P: (215) 764-5533
jlee@leefirm.legal
May 7, 2021